**IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JANICE PARNELL, Individually And As Guardian of De Andre Webb And Natasha Lee, Minors, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED** | ) ) ) ) ) ) ) ) | CASE NO. <br><br> JUDGE <br><br> **CLASS ACTION COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| Plaintiff, | ) ) | Charles Contrada (0012238) <br> CONTRADA & ASSOCIATES |
| v. | ) ) | 6641 Sylvania Avenue, Suite 8 <br> Sylvania, OH 43560 |
| **FORBA HOLDINGS, LLC; FORBA SERVICES, INC.; SMALL SMILES HOLDING COMPANY, LLC; SMALL SMILES OF TOLEDO LLC; JOHN/JANE DOES 1 THROUGH 75 (Identities and addresses unknown)** | ) ) ) ) ) ) ) ) ) ) | (419) 841-4400 <br> Fax: (419) 841-4463 <br> Email: charlie@contrada.net <br><br> David W. Zoll (008548) <br> Pamela A. Borgess (0072789) <br> Michelle L. Kranz (0062479) <br> ZOLL, KRANZ & BORGESS, LLC <br> 6620 W. Central Ave., Suite 200 |
| Defendants. | ) ) ) ) ) ) ) ) ) | Toledo, OH 43617 <br> PH: (419) 841-9623 <br> FX: (419) 841-9719 <br> Email: david@toledolaw.com <br>    michelle@toledolaw.com <br>    pamela@toledolaw.com <br><br> *Attorneys for Plaintiff and the Putative Class* |

---

Plaintiff Janice Parnell, Individually and as Guardian of De Andre Webb and Natasha Lee, minors, by and through her attorneys, CONTRADA & ASSOCIATES and ZOLL, KRANZ &

BORGESS, LLC, hereby brings this action on behalf of herself and others similarly situated, pursuant to FED. RULE OF CIV. PROC. 23.

**PRELIMINARY STATEMENT**

1. This case arises out of Defendants' nationwide conspiracy to perform medically unnecessary dental procedures and use unnecessary or excessive nitrous oxide sedation and physical restraints upon children at their pediatric dental clinics located in at least 23 states, in order to defraud their parents/guardians and third party payors, and obtain additional compensation.

2. Through this action, Plaintiff and others similarly situated seek recovery for damages stemming from said conspiracy and fraud, including, but not limited to, medical expenses, pain and suffering, severe emotional distress, trauma and psychological injuries.

**PARTIES**

3. Plaintiff Janice Parnell resides in Toledo, Lucas County, Ohio.

4. Plaintiff Janice Parnell is the guardian of De Andre Webb and Natasha Lee, who are minors and whom also reside in Toledo, Lucas County, Ohio.

5. Defendant FORBA Holdings, LLC is a limited liability corporation organized under the laws of the State of Delaware, with its principle place of business in Colorado, and is registered and authorized to do business within the State of Ohio.

6. Defendant FORBA Holdings, LLC is a dental practice management company for a chain of at least 50 pediatric dental clinics operated under the name "Small Smiles" in at least 23 states, including Ohio, that focus exclusively on providing dental services to children eligible for dental care under Medicaid and/or the applicable State Child Insurance Program.

7. Defendant FORBA Holdings, LLC identifies, owns, operates, develops, manages and supervises its nationwide chain of clinics, including Defendant Small Smiles of Toledo, LLC.

8. Defendant FORBA Holdings, LLC also recruits, hires, trains and sets the compensation for Small Smiles employees, including Defendant Small Smiles of Toledo, LLC, and issues and institutes policies and procedures which the Small Smiles clinics follow.

9. Defendant FORBA Services, Inc, is a limited liability corporation organized under the laws of the State of Delaware, with its principle place of business in Tennessee.

10. Defendant FORBA Services, Inc. is a wholly owned and/or controlled subsidiary or affiliate company to Defendant FORBA Holdings, LLC.

11. Defendant Small Smiles Holding Company, LLC is a limited liability corporation organized under the laws of the Delaware, with its principle place of business in Tennessee.

12. Defendant Small Smiles Holding Company, LLC is the 100% owner of FORBA Holding, LLC.

13. In engaging in the conduct alleged herein, Defendants FORBA Holdings, LLC, FORBA Services, Inc. and Small Smiles Holding Company, LLC (herein collectively referred to as "Defendant FORBA") acted as the agent for each other or Defendants' predecessors in interest.

14. Defendant Small Smiles of Toledo, LLC is one of Defendant FORBA's for-profit professional limited liability companies, which is organized and existing under the laws of the Ohio with the sole purpose of rendering professional services of dentistry, and owns and operates a children's dental practice in Toledo, Ohio.

15. Defendant John/Jane Does 1 through 75 are dentists or other dental professionals (actual identities unknown) that have provided or currently provide dental services at Defendant Small Smiles of Toledo, LLC.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332(d) (the "Class Fairness Act"), as Plaintiff brings this case as a class action, there are over 100 class members, at least one Plaintiff is a citizen of a different state than at least one Defendant, and the aggregate amount in controversy exceeds $5,000,000.

17. Venue for Plaintiffs is appropriate in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this district and Defendants conduct business, reside and are subject to personal jurisdiction here.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this class action, on behalf of herself and other similarly situated individuals who are members of the proposed class.

19. The proposed Plaintiff Class is defined as follows:

> Any child and/or the parent/guardian of any child who received medically unnecessary or excessive treatment, x-rays, sedation and/or restraints at any of Defendant's nationwide clinics.

20. Plaintiff further proposes the following subclass:

> Any child and/or the parent/guardian of any child who resided in the State of Ohio and received medically unnecessary or excessive treatment, x-rays, sedation and/or restraints at any of Defendant's Ohio clinics.

21. As to this subclass, Plaintiff asserts Ohio state law claims, including, but not limited to, claims for fraud, Ohio RICO, assault and battery, intentional and/or negligent infliction of emotional distress, violations of Ohio's Consumer Sales Practices Act, loss of consortium and punitive damages.

22. The exact number of members of the proposed nationwide class is not presently known, but upon information and belief, exceeds three hundred thousand (300,000) individuals. The proposed class is so numerous that joinder of individual members in this action is impracticable.

23. There are common questions of law and fact in the action that relate to and affect the rights of each Class member, and include, but are not limited to:

    a.  Whether Defendants issued and enforced through their nationwide clinics guidelines, policies, procedures, practices and "billing production goals" that were specifically designed to defraud their minor patients' unsuspecting parents/guardians and third party payors by performing medically unnecessary and painful dental procedures and/or x-rays upon the children, including, but not necessarily limited to, pulpotomies (baby root canals), extractions, filings, crowns, and improperly, unnecessarily or excessively using nitrous oxide sedation, physical restraints and/or behavior management techniques on the children during surgery in order to obtain additional compensation.

24. The relief sought is common to the entire Class.

25. The claims of the Class Representative are typical of the claims of the class that she represents, in that the claims of all members of the class, including the Class Representative, depend upon a showing that Defendants engaged in a nationwide conspiracy and/or fraud to perform medically unnecessary dental procedures and/or x-rays, and to use unnecessary or excessive nitrous oxide sedation and physical restraints upon children at their pediatric dental clinics.  There is no conflict between the Class Representative and other members of the respective Class with respect to this action.

26. The Class Representative is the representative party of the proposed Class, and is able to, and will, fairly and adequately protect the interests of the Class.

27. The attorneys for the Class Representatives are experienced and have successfully prosecuted numerous class actions and mass tort actions.

5

28. The Defendants have acted on grounds generally applicable to the Class, thereby making injunctive relief appropriate with respect to the Class as a whole.

29. This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members, which would establish incompatible standards of conduct for Defendants. Further, the prosecution of separate actions by individual Class Members would create a risk of adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or which would substantially impair or impede their ability to protect their interests.

## COMMON FACTUAL ALLEGATIONS

30. Defendant FORBA identifies, owns, operates, develops, manages and supervises its chain of clinics, including Defendant Small Smiles of Toledo, LLC.

31. Defendant FORBA handles the recruiting, hiring and training of dentists and/or other employees or independent contractors employed by its clinics.

32. Defendant FORBA also issues and institutes policies and procedures that its clinics follow and directs the clinics' compensation of their dentists, employees and/or independent contractors.

33. At all times relevant herein, and upon information and belief, Defendant FORBA issued and enforced guidelines, policies, procedures, practices and "billing production goals" for their nationwide clinics, including, but not limited to, Defendant Small Smiles of Toledo, LLC, that were specifically designed to commit battery upon minor children and defraud their unsuspecting parents/guardians and third party payors by performing medically unnecessary and painful dental procedures upon the children, including, but not necessarily limited to,

6

pulpotomies (baby root canals), extractions, filings, crowns, and improperly, unnecessarily or excessively using nitrous oxide sedation, physical restraints and/or behavior management techniques on the children during surgery in order to obtain additional compensation from the parents/guardians and/or third party payors.

34. For example, upon information and belief, during their training in Pueblo, Colorado, employees of the nationwide clinics, including, but not limited to, employees of Defendant Small Smiles of Toledo, LLC, were taught Defendants' policy called, "conversion." "Conversion" was a term used by Defendants to describe their attempt to convert their routine care Medicaid-eligible patients to patients receiving medically unnecessary procedures beyond routine check-ups and cleanings. Specifically, employees were taught that it was Defendants' policy to "convert" all child patients requiring simple cleanings and check-ups into child patients requiring extensive and more expensive additional procedures, such as pulpotomies, the dental process of removing pulp from the pulp chambers of the teeth, and the implant of steel crowns. Defendants' employees were taught and in fact performed pulpotomies, and then placed steel crowns over the teeth instead of installing simple fillings, which is the usual procedure, in order to obtain additional and more expensive grounds to bill the patients' parent/guardians and third party payors.

35. Defendants' conspiracy to defraud their minor patients' unsuspecting parents/guardians and third party payors, included, but was not necessarily limited to the following scheme: Medicaid-eligible children would have an appointment for a routine check-up and cleaning with Defendants' clinics. They would be given x-rays, a cleaning and then the dentist would evaluate the child's mouth. The x-rays were often not medically necessary, were taken incorrectly, were taken by employees not licensed to operate the x-ray machine, and/or were unreadable or even

7

blank. Parents/guardians were then brought to a consultation room where they were told by the dentist or other employee or independent contractor of the clinic that their child needed extensive work including, but not limited to, pulpotomies and implanting steel crowns. Parents were told that these extensive additional procedures were medically necessary, when in fact, the vast majority were not medically necessary. Parents were then pressured to sign consent forms immediately, and the extensive additional procedures, including pulpotomies, were performed the same day as the initial consultation. The speedy performance of these additional procedures was done for two reasons. First, the Defendants thought that if the patients actually left the building, they may not return for additional care. Second, allowing patients to leave the building and to schedule the additional procedures on another day would allow the patients to obtain a second opinion as to the medical necessity of the additional procedures.

36. Often determinations as to what procedures were "medically necessary" were made by employees, agents, and servants of Defendants who were not licensed to practice dentistry in that state.

37. At all times relevant hereto, upon information and belief, Defendant FORBA's nationwide clinics, including, but not limited to, Defendant Small Smiles of Toledo, LLC, had a policy of not allowing parents/guardians to attend their children in the exam rooms. Defendants' employees and/or independent contractors were instructed to inform parents/guardians that wished to accompany their child during procedures that such attendance was a Health Insurance Portability and Accountability Act ("HIPAA") violation or that it was at the discretion of the dentist. In fact, such attendance does not violate HIPAA or any other law.

38. For the convenience of the dental clinic's employees/independent contractors of Defendant FORBA's nationwide clinics, including but not limited to, Defendant Small Smiles of

8

Toledo, LLC, and/or to incur additional charges for which to bill the patient/guardian and third party payor, inappropriate, unnecessary and/or excessive nitrous oxide sedation, physical restraints and/or behavior management techniques were used on the children during surgery.

39. The level of sedation intended through the use of nitrous oxide in dental procedures is minimal sedation. A patient under minimal sedation should be fully conscious and able to maintain verbal communication throughout the procedure. Excessive or improper administration can cause symptoms such as vomiting and a "knocked-out" state. Further, excessive sleep or unconsciousness can also signal respiratory depression, a potentially life- threatening reaction to nitrous oxide that requires first-aid treatment and monitoring.

40. At all times relevant hereto, upon information and belief, Defendant FORBA's clinics, including, but not limited to Defendant Small Smiles, LLC, routinely used unqualified assistants who neither received any formal education or training in the administration of inhalation analgesia, nor obtained certification in basic life support for health care providers, to administer nitrous oxide sedation. Moreover, a dentist was not usually present during the induction of the sedation at Defendant FORBA's clinics.

41. At all times relevant hereto, upon information and belief, Defendant FORBA also encouraged its clinics' use of a behavior management device used to restrain a child called a "papoose board," regardless of the true necessity for restraint. The papoose board works by placing the patient on a flat board and wrapping the patient with wide fabric straps that restrain the child's upper body, middle body, and legs rendering the child immobile and unable to move his or her extremities.

42. Most pediatric dental patients can be managed effectively using basic communicative techniques such as tell-show-do, voice control, positive reinforcement and distraction. The

9

payment for basic behavior management services is included in the fee for primary dental services. (DEPARTMENT OF HEALTH & HUMAN SERVICES, GUIDE TO CHILDREN'S DENTAL CARE IN MEDICAID app. A. at 19.) The Department of Health and Human Services estimates that 85% of children are generally cooperative during dental treatment and do not need behavior management service beyond these basic communication techniques. (Id. at 6.)

43. Services that require a dentist to spend substantially more time than normal because of a child's inability to cooperate are covered services and may be billed as "behavior management, by report." Hereinafter, these behavior management services which extend beyond basic communication techniques are referred to as "advanced behavior management" services.

44. Third party payors, including Medicaid, cover the expense and service costs of advanced behavior management services. However, providers must document the exhibited behavior that required the use of behavior management techniques and the advanced behavior management techniques employed that went beyond the basic communication techniques otherwise included in the cost of the primary service.

45. Established standards for pediatric dental care provide for immobilization techniques <u>only</u> where the patient is unwilling or unable to control movements and presents a danger to staff or self during treatment procedures deemed necessary. Parental consent is also required for use of the papoose board.

46. At all times relevant hereto, upon information and belief, Defendant FORBA encouraged the use of the papoose board at its clinics, including, but not limited to, Defendant Small Smiles of Toledo, LLC, and in fact, instituted policies that parents/guardians of every child under five were to be told that their child was misbehaving or uncooperative and/or needed immobilization,

10

regardless of the true necessity for restraint. Parents/guardians, whom were not allowed to go with their children into the exam rooms, relied on the clinic to care for their children.

47. Papoose boards can be traumatizing to children placed on them and can result in children urinating on themselves, vomiting, sweating through their clothing, or otherwise exhibiting trauma symptoms. Upon information and belief, employees of Defendant FORBA's clinics, including, but not limited to, Defendant Small Smiles of Toledo, LLC, were ordered to clean the children as much as possible before sending them back to their parents, including washing their clothes on many occasions so that the parents would not find out that the children had urinated or vomited on themselves. As the clinics so regularly billed for advanced behavior management services, the Clinic's Encounter From used at Defendant FORBA clinics allowed for a simple checkmark to indicate whether or not advanced behavior management services were provided.

48. As a result of Defendants' battery upon minor children and fraud upon their guardians and third party payors, Defendant received significant amounts of additional revenue from each "converted" patient seen in a Small Smiles facility, including, but not limited to, Defendant Small Smiles of Toledo, LLC, when pupotomies, extractions and/or other extensive work was performed in lieu of usual and customary simple cleanings or fillings. For example, pulpotomoies and the required steel crown implants that follow are reimbursed by Medicaid at a rate of $214.00, which is much higher than the $58.00-$104.00 rate at which simple fillings are reimbursed.

49. To further encourage employees and independent contractors of Defendants' clinics, including, but not limited to, Defendant Small Smiles of Toledo, LLC, to commit battery upon children and defraud their unsuspecting parents/guardians and third-party payors, at all times

11

relevant herein, and upon information and belief, Defendant FORBA created and enforced nationwide corporate policies that set daily, monthly or yearly billing quotas or "billing production goals" for each facility. For example, upon information and belief, FORBA set a quota of $20,000.00 in billings per day for at least one of its clinics. Additionally, monetary bonuses were given to employees as encouragement to convert routine care patients into patients requiring extensive additional procedures which were then falsely billed as medically necessary procedures. These nationwide corporate policies concerning daily quotas and bonuses were enforced by Defendants' employees, agents and/or servants and were posted in their offices.

50. Defendants advertise their clinics in part by disbursing advertising literature to children at local schools, and on occasion provide bus transportation for large groups of children from nearby schools to the Clinic.

51. Defendants fraudulently hold themselves out as specialists, specifically pediatric dentists, when their employees/independent contractors have not obtained such certification.

**QUI TAM ACTIONS & MULTISTATE SETTLEMENT FOR MEDICAID FRAUD**

52. In 2007 and 2008, the following three qui tam actions described below were filed against one or more Defendants:

   a. John J. Haney is an individual resident of South Carolina. On July 16, 2008, Haney filed a qui tam action in the United States District Court for District of South Carolina captioned John J. Haney o/b/o the United States of America v. Children's Medicaid Dental of Columbia, LLC d/b/a "Small Smiles", Case No. 3:08-CV-2562-CMC;

   b. Angela Crawford is an individual resident of Virginia. On June 12, 2008, Crawford filed a qui tam action in the United States District Court for the Western District of Virginia captioned United States of America and Commonwealth of Virginia ex rel. Angela Crawford v. Small Smiles of Roanoke LLC, Latavias Ellington, D.D.S., Leonisha Thomas, D.D.S., Clint McQueen, D.D.S., and Peggy Lovecchio, D.D.S., Case No. 7:08-cv-00370; and

   c. Deborah McDaniel is an individual resident of Maryland. On December 21, 2007, McDaniel filed a qui tam action in the United States District Court for the District of

12

Maryland captioned <u>United States ex rel. McDaniel v. Small Smiles of Langley Park, PC, et al.</u>, No. 07-3416 (D. Md.).

53. The lawsuits sparked a nationwide investigation by the Justice Department's Civil Division which was conducted by the Office of Inspector General for the Department of Health and Human Services, the Federal Bureau of Investigation, and the National Association of Medicaid Fraud Control Units. Additionally, the U.S. Attorneys' Offices for the District of Maryland, the Western District of Virginia, the District of South Carolina, and the District of Colorado assisted in the investigation.

54. On January 20, 2010, the United States announced that it had settled its False Claims Act allegations involving Medicaid fraud against Defendants. Upon information and belief, Defendants admitted their violations and thereby agreed to pay the United States and participating states $24 million, plus interest, for fraudulently caused bills to be submitted to state Medicaid programs for medically unnecessary dental services performed on children insured by Medicaid.

55. This settlement, however, did <u>not</u> compensate any of the innocent children who suffered painful procedures and permanent trauma as a result of Defendants' greed.

## **MINORS WEBB AND LEE**

56. De Andre Webb and Natasha Lee are minors, who were patients at Small Smiles of Toledo, LLC, for at least the past four years.

57. During this time, these children underwent numerous improper, unnecessary and/or excessive dental procedures, sedation and physical restraining methods.

58. Their guardian, Plaintiff Janice Parnell, was unaware that said dental procedures, sedation and/or physical restraining methods were improper, unnecessary and/or excessive.

59. Plaintiff only came to realize the fraud, conspiracy and battery committed upon Natasha and De Andre when she saw a news program reporting on the misconduct this month.

60. As a result of the improper, unnecessary and/or excessive dental procedures, sedation and physical restraining methods, De Andre and Natasha incurred pain, trauma and expenses associated with said procedures, sedation and/or restraining methods, and suffered and continue to suffer severe emotional distress and psychological injuries.

### COUNT I: FRAUD

61. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully restated herein.

62. From their formation until the present, Defendants engaged in a continuous pattern and practice of intentionally misrepresenting and/or concealing information relating to the medical necessity of the procedures, x-rays, sedation or restraints to be performed/used on their minor patients and the qualifications of their workers, in order to obtain additional compensation from the children's parents/guardians and/or third party payors.

63. The true necessity, if any, of the procedures, sedation or restraints, as well as the lack of qualifications, training and certification of their workers was material.

64. Plaintiff and other parents/guardians justifiably relied on the misrepresentations and/or concealment.

65. As a direct and proximate result of said fraud, Plaintiff, De Andre Webb and Natasha Lee incurred pain and trauma associated with said unnecessary procedures, sedation and/or restraining methods, economic expenses, and suffered and continue to suffer severe emotional distress and psychological injuries.

### COUNT II: OHIO RICO

66. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully restated herein.

67. The relationship between Defendants and their nationwide clinics constitutes one or more enterprises under Ohio R.C. § 2923.31(C).

68. The persons controlling or directing the affairs of the enterprise have conducted and/or participated in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity in violation of Ohio R.C. § 2923.32.

69. Defendants maintained and exercised control over the enterprise alleged.

70. Upon information and belief, since approximately their formation through the present, persons controlling or directing the affairs of the enterprise conspired to and did engage in conduct involving the commission of two or more specifically prohibited state or federal criminal offenses, including systematic administration of and billing for painful intensive dental procedures, x-rays, nitrous oxide sedation and restraint devices in pediatric dentistry when not medically necessary and by non-qualified individuals, fraud, falsifying information, aiding and abetting the criminal conduct of its agents, intentionally concealing criminal conduct of its agents, obstructing criminal investigation, obstructing state and/or local law enforcement, evading criminal and/or civil prosecution and liability, perjury, destroying records, witness intimidation, violating the civil rights of children and families, and/or engaging in mail and/or wire fraud.

71. These acts were all undertaken with the common scheme and purpose to commit battery upon minor children and defraud their unsuspecting parents/guardians and third party payors in order to obtain additional compensation from the parents/guardians and/or third party payors.

72. These acts were related to the enterprise and to each other and became a part of the Defendants' regular way of doing business, conducting itself, or participating in the enterprise in furtherance of its scheme.

73. The persons controlling or directing the affairs of the enterprise knew that the clinics were committing battery upon minor children and defrauding their unsuspecting parents/guardians and third party payors by performing medically unnecessary and painful dental procedures and/or x-rays upon the children, including, but not necessarily limited to, pulpotomies (baby root canals), extractions, filings, crowns, and by improperly, unnecessarily or excessively using nitrous oxide sedation, physical restraints and/or behavior management techniques, all in order to further their scheme.

74. As a result of the acts of persons and/or entities controlling or directing the affairs the enterprise, the enterprise intentionally, showing willful indifference and/or with reckless disregard, caused severe injury to the nation's most vulnerable population, its children.

75. This prohibited criminal conduct of the enterprise constitutes a pattern of corrupt activity, in that there were two or more predicate incidents of corrupt activity that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.

76. As a direct and proximate result of the conspiracy and pattern of corrupt activity, Plaintiff, Natasha Lee and/or De Andre Webb incurred unnecessary procedures, x-rays, sedation and/or restraining methods, economic expenses, and suffered and continue to suffer severe emotional distress and psychological injuries.

## COUNTS III AND IV: ASSAULT AND BATTERY

16

77. Plaintiffs hereby incorporate by reference all preceding paragraphs as though fully restated herein.

78. Defendants knew with substantial certainty and indeed, intended their wrongful acts described herein to result in a harmful or offensive contact with their patients.

79. Defendant further knew with substantial certainty that said patients would be reasonably placed in fear of such contact.

80. For at least the past four years, Natasha Lee and/or De Andre Webb were placed in fear of such contact and in fact, were made to suffer numerous improper, unnecessary, excessive, and harmful dental procedures, x-rays, sedation and physical restraining methods for which consent was not obtained or fraudulently obtained.

81. These acts were intended by Defendants to cause said harmful contact.

82. As a direct and proximate result, Plaintiff, Natasha Lee and De Andre Webb incurred pain and trauma associated with said unnecessary procedures, x-rays, sedation and/or restraining methods, economic expenses, and suffered and continue to suffer severe emotional distress and psychological injuries.

### COUNTS V AND VI: INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

83. Plaintiffs hereby incorporate by reference all preceding paragraphs as though fully restated herein.

84. Defendants intentionally, willfully, wantonly, and/or recklessly intended to cause Natasha Lee, De Andre Webb and their guardian, Janice Parnell, emotional distress or knew or should have known that their actions would result in serious emotional distress to Plaintiffs.

17

85. Defendants' fraudulent and wrongful actions as described above constitute extreme and outrageous conduct which goes beyond the bounds of decency and/or is intolerable in a civilized community.

86. As a direct and proximate result of Defendants' actions, Plaintiff, Natasha Lee and De Andre Webb incurred pain and trauma associated with said unnecessary procedures, x-rays, sedation and/or restraining methods, economic expenses, and suffered and continue to suffer severe emotional distress and psychological injuries.

## COUNT VII: LOSS OF CONSORTIUM

87. Plaintiffs hereby incorporate by reference all preceding paragraphs as though fully restated herein.

88. Plaintiff Janice Parnell is the guardian of Natasha Lee and De Andre Webb.

89. Plaintiff trusted Defendants with these children.

90. Defendants breached that trust.

91. Plaintiff lost the affection, society, love, and companionship of Natasha Lee and De Andre Webb as a direct and proximate result of the misconduct of Defendants.

## COUNT VIII: VIOLATION OF OHIO'S CONSUMER SALES PRACTICES ACT

92. Plaintiffs hereby incorporate by reference all preceding paragraphs as though fully restated herein.

93. Defendants are suppliers under Ohio R.C. § 1345.01.

94. Plaintiff is a consumer under Ohio R.C. § 1345.01.

95. Defendants knowingly took advantage of Plaintiff's inability to reasonably protect the interests of her children because of her lack of specialized dental knowledge upon which she relied upon Defendants to provide.

96. Defendants engaged in deceptive acts or practices as described herein.

97. Defendants' acts were designed to induce plaintiff into accepting such services and were unconscionable.

98. As a direct and proximate result of Defendants' deceptive acts or practices, Plaintiff, Natasha Lee and De Andre Webb incurred pain and trauma associated with said unnecessary procedures, x-rays, sedation and/or restraining methods, economic expenses, and suffered and continues to suffer severe emotional distress and psychological injuries.

### COUNT IX: PUNITIVE DAMAGES

99. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully restated herein.

100. The misconduct of Defendants constituted malice, oppression, aggravated or egregious fraud, and/or conscious disregard for the safety of others having a great probability of causing substantial harm.

101. The misconduct of Defendants resulted in actual damages as set forth herein above.

102. As a result, Plaintiff is entitled to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, jointly and severally, as follows:

A. That the Court determine that this action may be maintained as a class action under FEDERAL RULE OF CIVIL PROCEDURE 23;

B. For an award of compensatory damages in excess of $75,000 for Plaintiff and in excess of $5,000,000 in the aggregate for the class;

C. For an award of punitive or exemplary damages against Defendants for Plaintiff in excess of $75,000 and in excess of $5,000,000 in the aggregate for the class;

D. For reasonable attorneys' fees and costs;

E. Treble damages;

F. For pre-judgment interest; and

G. For such further and other relief the court deems just, equitable, and proper.

Dated: January 25, 2010

> Respectfully Submitted,
>
> /s/ Charles Contrada
> Charles Contrada (0012238)
> CONTRADA & ASSOCIATES
> 6641 Sylvania Avenue, Suite 8
> Sylvania, OH 43560
> PH: (419) 841-4400
> Fax: (419) 841-4463
> Email: charlie@contrada.net
>
> /s/ David W. Zoll
> David W. Zoll (0008548)
> Michelle L. Kranz (0062479)
> Pamela A. Borgess (0072789)
> ZOLL, KRANZ & BORGESS, LLC
> 6620 W. Central Ave., Suite 200
> Toledo, OH 43617
> PH : (419) 841-9623
> Fax: (419) 841-9719
> Email: david@toledolaw.com
>   michelle@toledolaw.com
>   pamela@toledolaw.com
>
> *Attorneys for Plaintiff and the Putative Class*

### JURY DEMAND

Plaintiffs, individually and on behalf of other similarly situated, hereby demand a trial by jury on all triable issues.

> /s/David W. Zoll
> David W. Zoll (0008548)